[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
James Neiman, defendant-appellant, brings this appeal from the judgment and sentence rendered and pronounced after he was found guilty of failing to maintain an assured clear distance ahead. The citation issued to Neiman by a police officer specified that the offense had occurred on a public street on July 13, 1999. On July 28, 1999, Neiman appeared in municipal court pursuant to the instructions on the citation issued to him. On August 6, 1999, he appeared again, this time before the judge who eventually presided at his trial on September 3, 1999.
Neiman, who, in his terminology, represents himself "proper," gives us two assignments of error:
 The court did err by denying the Appellant's motion for discharge for denial of speedy trial. Time was apparently counted in [a] manner prejudicial to the Appellant.
 The court did err by showing bias and prejudice in words and conduct against the Appellant before, during, and after the trial.
 Neiman has provided us with only the transcript of the proceedings at his initial appearance on August 6, 1999. He has not filed a transcript of the proceedings on September 8, 1999, when he was found guilty, or of any subsequent proceedings.
When Neiman appeared on August 6, he was informed of the charge against him by the judge presiding and was asked, "[W]hat plea do you want to enter on this?" Neiman responded as reflected in this colloquy:
 THE DEFENDANT: I have not properly received service and I am respectfully unable to enter a plea. And I
 THE COURT: Well, Mr. Neiman, did you get a copy of the traffic ticket from the officer?
 THE DEFENDANT: Under Traffic Rule 11(B)(1)(A), Criminal Rule 12(B)[4] and [5] and ORC 2937.04 and 2941.54, I'm verbally entering a dilatory plea to quash the return of the colorable summons.
The court continued to solicit a plea from Neiman without success. Neiman, instead, said the following:
 As I have not been fully informed on the complete nature and cause and the specific alleged incident, I have not yet had time to file a comprehensive bill of particulars or the other required documentation for the necessary dilatory plea, and so, I am respectfully unable to enter any plea. I am not refusing a plea, I'm respectfully unable to.
The prosecutor complied, virtually instanter, with the court's instruction to supply Neiman with a copy of the citation and the accident report, but, again, Neiman would not enter a plea. The court then entered a plea of not guilty for Neiman and referred the case to the court's assignment commissioner to set a date for trial.
R.C. 2945.71(A) mandated that the charge against Neiman be tried within thirty days of the service of summons upon him. That time, according to the record, commenced on July 13, 1999. Neiman was before the trial court twenty-four days later, on August 6, 1999. The transcript of the proceedings on that date convinces us that Neiman's persistent refusal, for reasons of his own, to enter a plea justified the court's entry of a plea of not guilty on Neiman's behalf and its continuation of the case so that Neiman could consider the documents supplied to him and prepare a defense. The delay from August 6, 1999, to the date of trial, September 3, 1999, was occasioned by Neiman himself and was not chargeable to the state. See R.C. 2945.72(E). Resultantly, we overrule Neiman's first assignment of error, because he was tried within the limits established by law.
Neiman's second assignment is not well taken and is overruled, because his claim that the court showed, in varying forms, bias and prejudice against him is not demonstrated by the record.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.